UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KIM HANNAH, et al., | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:14-CV-01808 (JCH) |
| v. | : | |
| WAL-MART STORES, INC., et al. | : | |
| Defendants. | : | JUNE 17, 2015 |

**RULING RE: MOTION TO DISMISS (DOC. NO. 14)**

Plaintiffs Kim Hannah ("Hannah") and Michael Barham ("Barham") bring this action against their former employer, Wal-Mart Stores East, L.P., and its corporate parent company, Wal-Mart Stores, Inc. (collectively, "Wal-Mart"). The Complaint alleges that Wal-Mart discriminated against plaintiffs on the basis of race and retaliated against them, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 ("Title VII") and under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § § 46a-60 et seq.   See Complaint ("Compl.") (Doc. No. 1). Wal-Mart seeks to dismiss all claims against it pursuant to Rule 12(b)(6) on the basis that they are precluded by a prior action currently pending before this court, Hannah et al. v. Walmart et al., No. 3:12-cv-01361-VAB.   Wal-Mart also seeks to dismiss the CFEPA claims pursuant to Rule 12(b)(1) on the grounds that they are time barred, and thus the court lacks subject matter jurisdiction.   For the reasons that follow, Wal-Mart's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

1

I.   FACTS[1]

The plaintiffs are African American professionals who formerly worked for Wal-Mart in Connecticut.  Compl. ¶¶ 7-9.  In 2010, Wal-Mart announced that it would be eliminating certain "market-level" jobs in Connecticut due to the economic downturn.  Id. ¶ 15.  Both plaintiffs were terminated in connection with this reorganization.  Id. ¶¶ 36, 47.  Plaintiffs allege that the reorganization was fabricated in order for Wal-Mart to retaliate against certain individuals and rid itself of certain African American managers based on their race.  Id.  They claim that the African American managers that were terminated were replaced by less qualified non-Black individuals.  Id. ¶ 19.  They further allege that the "reorganization" of the Asset Protection and Human Resources department in Connecticut was a sham, and that even after "restructured" positions were reopened, the African American plaintiffs were not re-hired for their old positions or similar ones, even though they applied for such positions.  Id. ¶ 20.

The plaintiffs have previously filed claims of discrimination and retaliation based on their terminations and failures to re-hire, which remain pending before this court. See Hannah et al. v. Walmart et al., No. 3:12-cv-01361-VAB.  However, the plaintiffs allege that, since the Complaint in that case was filed, they have continued to apply for jobs for which they were qualified, but have been passed over because of their race and because they had brought discrimination claims against Wal-Mart.  Id. ¶ 44, 58. In particular, Barham points to Wal-Mart's failure to hire him for eight separate positions.  Id. ¶ 44a-h.  Barham filed a complaint with the Connecticut Commission on

---

[1] For the purposes of a motion to dismiss, the court accepts all factual allegations in the Complaint as true.   Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).

2

Human Rights and Opportunities (CHRO) regarding these positions on May 29, 2014. Id. Similarly, Hannah has continued to apply for jobs and to be passed over or rejected, including three separate positions. Id. ¶ 60a-c. Hannah filed a CHRO complaint regarding these positions on May 29, 2014. Id. Plaintiffs filed the instant case on December 2, 2014. Compl. (Doc. No. 1). They requested summonses on January 13, 2015, see Summons (Doc. No. 11), and served Wal-Mart on January 20, 2015, see Proof of Service (Doc. No. 12) at 2.

## II.   STANDARD OF REVIEW

On a motion to dismiss, all factual allegations in the complaint must be accepted as true, and the court must draw all reasonable inferences in the plaintiff's favor. Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). "[A] motion to dismiss does not involve consideration of whether a plaintiff will ultimately prevail on the merits, but instead solely whether the claimant is entitled to offer evidence in support of his claims." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 65 (2d Cir. 2010) (citation and quotation marks omitted).

Pursuant to the Federal Rules, a defendant may move to dismiss a complaint if it "fails to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Trans. Local 504, 992 F.2d 12, 14 (2d Cir. 1993). To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663

3

(2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556).

Further, a "case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011), aff'd, 133 S. Ct. 721 (2013). On a Rule 12(b)(1) motion, the plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction exists. Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)); Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Makarova, 201 F.3d at 113. However, a court cannot rely on conclusory or hearsay evidence. J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004); In re Indicon, 499 B.R. 395, 400 (D. Conn. 2013).

## III. DISCUSSION

Defendants argue that plaintiffs' CFEPA claims are time-barred because they were not brought within 90 days of receiving a release of jurisdiction from the CHRO. Memorandum of Law in Support of Defendants' Motion to Dismiss (Doc. No. 15) ("Def.'s Mem.") at 3. Def.'s Mem. at 3. Defendants also argue that plaintiffs'

4

Complaint should be dismissed in its entirety under the prior pending action doctrine, based on the pendency of a previous lawsuit involving the same parties, <u>Hannah et al. v. Walmart et al.</u>, No. 3:12-cv-01361-VAB.  Def.'s Mem. at 7.

    A.    <u>Whether CFEPA Claims are Time Barred</u>

Defendants argue that plaintiffs' CFEPA claims should be dismissed as time barred.  Def.'s Mem. at 4.  Section 46a-100 of the Connecticut General Statutes provides a private right of action to individuals who obtain a release of jurisdiction from the Commission on Human Rights and Opportunities (CHRO) in accordance with section 46a-83.  Conn. Gen. Stat. § 46a-100.  Section 46a-101(e) states that, "[a]ny action brought by the complainant in accordance with section 46a-100 shall be brought within ninety days of the receipt of the release from the commission."  Conn. Gen. Stat. § 46a-101(e).  Section 46a-102 further states that, "any action brought in accordance with section 46a-100 shall be brought within two years of the date of filing of the complaint with the commission . . ."  Conn. Gen. Stat. § 46a-102.  The plaintiffs' CFEPA claims are brought according to section 46a-100, and thus are subject to sections 46a-101(e) and 46a-102.  Therefore, in order to be timely, the plaintiffs' CFEPA claims must have been brought within ninety days of release from the commission.

Under Connecticut law, unless otherwise specified by the legislature, "a case is considered 'brought' for purposes of a statute of limitations on the date of service of the complaint upon the defendant."  <u>Kotec v. Japanese Educational Institute of New York</u>, 321 F.Supp.2d 428, 431 (D. Conn. 2004).  Because plaintiffs' state law claims are brought under the court's supplemental jurisdiction, this state rule controls, and the

5

court will apply it to determine whether plaintiffs have brought their claims within the requisite time period.² See id.; Katsaros v. Serafino, 2001 WL 789322, at *2-3 (D. Conn. Feb. 28, 2001) ("it is the source of the right sued upon, and not the ground on which federal jurisdiction over the case is founded, which determines the governing law").

It is undisputed that plaintiffs filed their complaints with the CHRO on May 29, 2014; however, the parties disagree as to the date when the plaintiffs received the releases from the Commission.  Defendants argue that plaintiffs' counsel received Releases of Jurisdiction from the CHRO by email on August 29, 2014, and acknowledged receipt on the same day.  Def.'s Mem. at 3 n. 2.  Under this analysis, the plaintiffs would be obligated to bring their state CFEPA claims by November 27, 2014.  Plaintiffs argue that the operative date should be September 8, 2014, the day that they received paper copies of the Releases of Jurisdiction, and thus that the deadline for bringing their state CFEPA claims was December 7, 2014.  Plaintiffs' Amended Opposition to Defendants' Motion to Dismiss (Doc. No. 25) ("Pl.'s Amd. Opp.") at 7.

Regardless of which of the two dates is used, plaintiffs' claims appear to be time-barred.  As stated previously, a CFEPA claim is considered "brought" for the purposes of a statute of limitations on the date of service of the complaint upon the defendant. See Kotec v. Japanese Educ. Inst. of N.Y., 321 F. Supp. 2d 428, 431 (D. Conn. 2004).

---

² The state rule also applies to claims brought under diversity jurisdiction.  See Kotec v. Japanese Educ. Inst. of N.Y., 321 F. Supp. 2d 428, 431 (D. Conn. 2004).  The Complaint lists diversity as an alternative basis for jurisdiction.  Compl. ¶ 10.

While plaintiffs filed their claims on December 2, 2014, see Compl. (Doc. No. 1), they did not request summonses until January 13, 2015, see Summons (Doc. No. 11), and did not serve Wal-Mart until January 20, 2015, see Proof of Service (Doc. No. 12) at 2. Thus, even under the deadline argued by plaintiffs, the CFEPA claims were not brought until over a month past the deadline.

Plaintiffs argue that defendants' counsel and the defendants were served with "notice" because plaintiffs' counsel emailed defense counsel on December 2, 2014, and filed a Motion to Consolidate in Case No. 3:13-cv-01361 (VAB) that provided notice to defendants themselves. The court finds this argument unavailing. It is uncontested that plaintiffs neither served defendants nor received a waiver of service before the 90-day limit expired. The cases cited by plaintiffs do not support a finding that informal notice of a proceeding may substitute for the required service. The court also notes that plaintiffs were clearly aware of this requirement. In addition to being represented by experienced counsel, the court's prior Ruling in Case No. 3:13-cv-01361 (VAB) clearly articulated that, in order for a claim to be "brought" for the purposes of CFEPA's 90-day requirement, the defendant must be served with the complaint.[3]   Hannah et al.

---

[3] The court is also perplexed by plaintiffs' argument that defense counsel "was obviously simply involved in gamesmanship" and engaged in "effort[s] to trick counsel into sending him service by hardcopy in the mail seeking a written waiver." Pl.'s Amd. Opp. at 8 n. 2. In a December 3, 2014 email sent in response to the email sent by plaintiffs' counsel, defendants' counsel explicitly informed plaintiffs' counsel that, "I cannot represent to you that I am representing Walmart in this newly filed matter. You will need to effect service in the ordinary course." Pl.'s Amd. Opp. Exh. A (Doc. No. 25-1).
   Nothing about this statement could be construed as misleading plaintiffs' counsel as to the need for service of process – if anything, it did the opposite. Nor does it attempt to persuade plaintiffs to seek a waiver of service, as opposed to serving process. To the court's knowledge, there is nothing untruthful or misleading about defense counsel's statement that he was not authorized to accept service on behalf of Wal-Mart in the newly-filed case, notwithstanding his representation of Wal-Mart in the related case.

v. Walmart et al., No. 3:12-cv-01361-VAB, Ruling Re: Motion for Partial Judgment on the Pleadings (Doc. No. 79) ("Ruling") at 5-6.

Plaintiffs also appear to argue that administrative remedies were not exhausted, and thus they could not have filed suit, until they also received a Right to Sue Notice from the U.S. Equal Employment Opportunity Commission (EEOC), in addition to the Release of Jurisdiction received from the CHRO. Pl.'s Amd. Opp. at 5. Plaintiffs received a Right to Sue notice from the EEOC on December 2, 2014, the same day they filed the instant case. Declaration of Kim Hannah, Exh. E (Doc. No. 25-2); Declaration of Michael Barham, Exh. D (Doc. No. 25-3). However, as discussed at length in the court's prior Ruling in Case No. 3:12-cv-01361, a Right to Sue notice from the EEOC relates only to the plaintiffs' federal claims and did not affect the period in which plaintiffs were obligated to bring their state law claims.[4] See Ruling at 7-9. Indeed, the notice explicitly states that "the time limit for filing suit based on a claim under state law may be different." See Declaration of Kim Hannah, Exh. E (Doc. No. 25-2). Plaintiffs offer no support for the proposition that the sharing agreement between the EEOC and the CHRO somehow extended the 90-day deadline for bringing their CFEPA claims.

Plaintiffs' argument that the 90-day deadline for bringing CFEPA claims "is not a jurisdictional prerequisite" and thus that Wal-Mart "cannot move to dismiss this suit on jurisdictional grounds" is not persuasive. Courts in this District have consistently found

---

[4] Indeed, as seen in the cases cited by defendants in their Reply brief, Rep. at 6-7, courts in this District have held that even a plaintiff's Title VII claims may be brought before an EEOC Right to Sue letter has been received, as long as the plaintiff has received the corresponding Release of Jurisdiction from the CHRO. E.g., Lunardini v. Mass. Mut. Life Ins. Co., 696 F. Supp. 2d 149, 167 n.19 (D. Conn. 2010).

that failure to satisfy the exhaustion provisions of CFEPA results in dismissal for lack of subject matter jurisdiction. See Anderson v. Derby Bd. of Educ., 718 F. Supp. 2d 258, 272 (D. Conn. 2010) (collecting cases). However, even if the 90-day period were subject to equitable considerations, plaintiffs have provided no basis on which the court could find that they are entitled to equitable tolling of the 90-day period.[5] See Collazo v. Sikorsky Aircraft Corp., 2004 WL 1498130, at *2 (D. Conn. June 23, 2004).

Finally, plaintiffs argue that this case was timely filed and served under the "relation back doctrine," because the new claims "relate back" to those filed in the 2012 case. Pl.'s Amd.Opp. at 10-11. However, plaintiffs provide no support for the proposition that they may avoid the 90-day deadline by pointing to claims in a separately filed action which, while related, arise out of separate alleged incidents.[6]

For the foregoing reasons, defendants' Motion to Dismiss is granted with regard to plaintiffs' CFEPA claims.

B.   Whether Dismissal is Warranted Based on Prior Pending Action

Under the prior pending action doctrine, a district court "may dismiss an action when a prior pending action has been filed as long as the 'controlling issues in the dismissed action will be determined in the other lawsuit.'" Holliday v. City of

---

[5] The court notes that the cases cited by plaintiffs, Pl.'s Amd. Opp. at 4, all stand for the proposition that the right-to-sue letter is not jurisdictional for the purposes of a Title VII claim, but are silent as to CFEPA. However, even if the requirement of timely filing for CFEPA were similarly subject to waiver, estoppel, and equitable tolling, plaintiffs have provided no basis under which they would be entitled to any one of those.

[6] The one case cited by plaintiffs in this regard involved whether an amended complaint related back to the date of the original complaint for the purpose of determining whether the claims asserted in the amended complaint were timely commenced. Holmes v. Pennsylvania New York Cent. Transp. Co., 48 F.R.D. 449, 452 (N.D. Ind. 1969).

Newington, 2004 WL 717160 at *1 (D. Conn. Mar. 19, 2004) (citing Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 1360).  The purpose of the doctrine is "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  Id. (internal citation omitted).  The prior pending action doctrine provides that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second."  Curcio v. Hartford Financial Services Group, 472 F. Supp. 2d 239 (D. Conn. 2007) (citing Adams v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991)).  In determining whether a claim is barred by the prior pending action doctrine, the court "may rely on a comparison of the pleadings filed in the two actions."  Id.

As stated previously, the plaintiffs in this case have filed another action against the defendants that is currently pending before this court.  See Hannah et al. v. Walmart et al., No. 3:12-cv-01361-VAB.  The pleadings in each action contain essentially identical allegations regarding plaintiffs' employment, termination, and failure to rehire.  However, the Complaint in the instant case also includes allegations regarding additional failures to rehire that have taken place after the filing of the original complaint in Case No. 12-cv-01361-VAB.  Compl. ¶¶ 44, 60.  These allegations form the basis for the federal claims in the new action, namely, failure to rehire based on discrimination and retaliation in violation of Title VII.  Compl. ¶¶ 75-86.  The 2012 Amended Complaint similarly contains claims of race discrimination and retaliation in failure to hire.  Hannah et al. v. Walmart et al., No. 3:12-cv-01361-VAB, Amended Complaint (Doc. No. 6) at ¶¶ 127-138.

Plaintiffs argue that these claims cannot be "pending" in the prior case because they had not yet occurred at the time the Amended Complaint was filed in the 2012 case, and that they could not have simply been added to the 2012 case as they occurred because plaintiffs were first required to exhaust administrative remedies. Pl.'s Amd. Opp. at 2.   By contrast, defendants argue that the counts in the new Complaint are identical to those pled in the 2012 Amended Complaint and currently pending in that case, and that the 2012 Amended Complaint "expressly contemplate[d] Plaintiffs' on-going effort to secure reemployment with Defendants."   Def.'s Mem. at 9. Further, they point to the fact that plaintiffs have engaged in discovery in the 2012 case related to the new "failures to rehire" as illustrative of their argument that the 2012 case incorporates the claims set forth in the 2014 Complaint.   Id.   Specifically, pursuant to this court's discovery ruling dated July 28, 2014, Hannah et al. v. Walmart et al., No. 3:12-cv-01361-VAB, Ruling (Doc. No. 160), defendants were to provide plaintiffs with a supplemental report of all jobs they applied for at Wal-Mart through July 15, 2014, as well as additional time to depose Wal-Mart's Rule 30(b)(6) witness regarding any positions that had not been included on a previous report.   Id.

The claims in the newly-filed case involve the same parties, underlying facts, and allegations of discrimination and retaliation in failures to hire.   However, the Complaint filed in the instant case includes facts supporting additional instances of failures to hire that are not included in the Amended Complaint in the 2012 case.   While clearly related, the court cannot say that the "controlling issues" in this action will of necessity "be determined in the other lawsuit."   See Holliday, 2004 WL 717160 at *1.   However, the court concludes that it would conserve the resources of both the court and the

11

parties to try all of plaintiffs' claims in one proceeding, particularly in light of the fact that discovery relating to the failures to hire at issue in the instant case has already been conducted in the 2012 case.  See Curcio, 472 F. Supp. 2d at 243 (D. Conn. 2007). This might be accomplished by dismissing this case, but granting plaintiff leave to further amend the complaint in the 2012 case to account for these allegations. However, in light of the fact that a Motion to Consolidate the two cases is currently pending, as discussed infra, the court views the most prudent course of action to be consolidating the remaining Title VII claims in the instant case with the 2012 case. Thus, defendants' Motion to Dismiss is denied with respect to plaintiffs' Title VII claims.

### IV.   MOTION TO CONSOLIDATE

Plaintiffs seek to consolidate the instant case with the 2012 case currently pending in this court.   Motion to Consolidate Cases (Doc. No. 8).   The defendants opposed consolidation for the same reasons set forth in their Motion to Dismiss – namely, that the state law claims were time barred and that all claims are duplicative of claims already set forth in the 2012 case – and because they had not yet been served in the instant case.   Defendants' Memorandum in Opposition to Motion to Consolidate (Doc. No. 19) at 2-4.   However, given the court's Ruling that the state law claims are time barred, and the fact that defendants have since been served in this action, the only point of opposition appears to be whether the federal claims are duplicative.   For the reasons set forth supra, plaintiffs' Motion to Consolidate is granted with the consent of the transferee judge in Case No. 3:12-cv-01361.   The remaining federal claims for discrimination and retaliation in failure to hire, in violation of Title VII, will be consolidated with those pending in Case No. 3:12-cv-01361.   Based on plaintiffs'

representation that they will not seek additional discovery, this consolidation will not overly delay the resolution of the 2012 case.[7]

Finally, defendants have filed a Motion for Leave to File Sur-Reply in further opposition to the Motion to Consolidate. Defendants' Motion for Permission to File Sur-Reply in Further Opposition to Motion to Consolidate (Doc. No. 20). The substance of defendants' Sur-Reply is related to the procedural history of the CHRO charges underlying the state law claims and the fact that defendants had not yet been served at the time it was filed. Id. Because the court has already dismissed the plaintiffs' state law claims, and defendants have since been served, the defendants' Motion for Leave to File Sur-Reply is terminated as moot.

## IV. CONCLUSION

The defendants' Motion to Dismiss (Doc. No. 14) is **GRANTED** in part and **DENIED** in part. The plaintiff's Motion to Consolidate Cases (Doc. No. 8) is **GRANTED**. The defendants' Motion for Leave to File Sur-Reply (Doc. No. 20) is **TERMINATED AS MOOT**.

---

[7] The court notes that a Motion for Summary Judgment filed by defendants is currently pending in the 2012 case as to all remaining claims, including those for failure to hire. In their submissions to the court, the defendants appear to have already briefed at least some of the failures to hire that took place after the 2012 complaint was filed, and thus may already cover the two consolidated claims. The court defers to the presiding judge in Case No. 3:12-cv-01361 to determine whether supplemental briefing is required on any of the specific failures to hire set forth in the consolidated claims, assuming that defendants intend to seek summary judgment on those claims as well.

**SO ORDERED.**

Dated this 17th day of June, 2015, at New Haven, Connecticut.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge